**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

LAURA STANTON, as Administrator of the Estate of THOMAS STANTON, Deceased,

Plaintiff,

v.

ST. JUDE MEDICAL, INC.; SPIRE BIOMEDICAL, INC. a/k/a Spire Corporation,

Defendants.

Civil No. 02-446 (JRT)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT SPIRE'S MOTION TO DISMISS**

---

Terrence E. Leonard, TERRENCE E. LEONARD LAW OFFICE, 100 West Monroe Street, Suite 1310, Chicago, IL, 60603; and David M. Geier, BARTLE & GEIER, 1141 H Street, P.O. Box 83104, Lincoln, NE 68501, for plaintiff.

Susan E. Fieber and Brian D. Nolan, NOLAN OLSON, HANSEN, FIEBER, LAUTENBAUGH & GREEN, 300 South 19th Street, Suite 302, Omaha, NE 68102, for defendant Spire.

Plaintiff Laura Stanton, as Administrator of the Estate of Thomas Stanton, filed this action regarding the implantation of a mechanical heart valve into plaintiff's decedent, Thomas Stanton. This matter was originally filed in the United States District Court for the District of Nebraska, and was transferred to this Court by the Judicial Panel on Multidistrict Litigation as part of *In re St. Jude Medical, Inc. Silzone Heart Valves*

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

*Product Liability Litigation* (MDL No. 1396). This matter is now before the Court on the motion of Spire Biomedical, Inc. ("Spire") to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendant St. Jude does not contest jurisdiction in this case. For the reasons discussed below, the Court now grants Spire's motion to dismiss.

**BACKGROUND**

The plaintiff, Laura Stanton, is a citizen of Nebraska. She is suing to recover damages connected with the death of her husband, Thomas Stanton. Spire is a Massachusetts corporation that owns and conducts the process by which the Silzone® coating was applied to St. Jude heart valves. All of Spire's facilities and business operations are located in Massachusetts and Illinois. It is undisputed that Spire does no business in Nebraska, is not a resident or citizen of Nebraska for any purpose, and has no offices, employees, or agents in Nebraska.

**ANALYSIS**

Although this case is currently before this Court as part of the Multidistrict Litigation, trial on the matter would eventually be held in the District of Nebraska. *See* 28 U.S.C. § 1407. Therefore, this Court must determine whether Spire is subject to personal jurisdiction in a Nebraska federal court.

Courts in the Eighth Circuit are "guided by two primary rules" when determining whether they have personal jurisdiction over a non-resident defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir.

1996). First, the facts must satisfy the forum state's long-arm statute, and second, the exercise of personal jurisdiction over the defendant must not violate due process. *Id.*

Nebraska has construed its long-arm statute to confer jurisdiction to the limits of due process. *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 612 (8th Cir. 1994); *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (Neb. 1995). Therefore, the Court need only conduct a due process analysis, which requires determining whether Spire has "minimum contacts" with Nebraska. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir. 1991).

> Due process mandates that jurisdiction be exercised only if defendant has sufficient "minimum contacts" with the forum state, such that summoning the defendant to the forum state would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) [citation omitted]. To maintain personal jurisdiction, defendant's contacts with the forum state must be more than "random," "fortuitous," or "attenuated." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, (1985). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). In assessing the defendant's reasonable anticipation, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King,* 471 U.S. at 475 [citation omitted].

*Digi-Tel*, 89 F.3d at 522. *See also Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 614 (8th Cir. 1998).

Plaintiff relies upon a "stream of commerce" analysis, arguing that because Spire placed its product into the national stream of commerce, it should reasonably anticipate being haled into court anywhere in the United States. Specifically, plaintiff argues that

St. Jude acted as Spire's distributor, disseminating Spire's "product"[1] worldwide. Spire contends that merely placing products into the stream of commerce is insufficient, and that plaintiff has not met her burden of showing some activities directed at the forum state, Nebraska. *See Falkirk Mining Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373 (8th Cir. 1990) (holding that once a defendant has challenged a federal court's jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists).

The Eighth Circuit has decided a number of cases that analyze the "stream of commerce" theory. The leading case, which both parties cite, is *Barone v. Rich Bros. Interstate Display Fireworks*, which concerned a Nebraska man injured by fireworks who sued the fireworks' foreign manufacturer. *See* 25 F.3d 610. The Court of Appeals held that although the manufacturer had no office, agent, or distributor in Nebraska, did not advertise in Nebraska, and did not send any products into Nebraska, it was subject to personal jurisdiction because of the way its products arrived in the forum state. *Id.* at 615. Specifically, the court found that the manufacturer strategically selected a network of distributors that could reach much of the United States. *Id.* The manufacturer claimed it did not know that its products would be sold in Nebraska. The court found, however, that the manufacturer's complex distribution system could not be assembled by chance, and the company therefore could not plead ignorance that its products were distributed into states like Nebraska. *Id.* at 614-15. Thus, *Barone* stands for the rule that "when a seller heads a distribution network it realizes the much greater economic benefit of

[1] Spire argues that it produces no "product" at all, but merely applies its proprietary process to other companies' products.

multiple sales in distant forums, which in turn may satisfy the purposeful availment test." *Clune v. Alimak AB*, 233 F.3d 538, 543 (8th Cir. 2000) (quoting *Barone*, 25 F.3d at 613) (citation and internal quotation marks omitted). *See also Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 948 (8th Cir. 1998) (applying the *Barone* rule); *Guinness Import Co.*, 153 F.3d at 615 & n.7 (noting the validity of the *Barone* rule).

In *Falkirk Mining*, the Eighth Circuit held that a component parts manufacturer was not subject to personal jurisdiction in the forum, where an injury occurred due to one of its defective parts. *See* 906 F.2d 369. In that case, a worker in North Dakota was injured while using a defective cam manufactured by the defendant, a foreign company. *Id.* at 372. The court held that the manufacturer did not have minimum contacts with North Dakota, finding that the company's officials never visited North Dakota to inspect where the part was installed, and that there was no evidence the defendant knew its parts were to be installed in North Dakota. *Id.* at 375. The court concluded that the defendant had done nothing more than place its products in the stream of commerce, which was insufficient for personal jurisdiction. *Id.* at 375-76. *See Clune*, 233 F.3d at 545 n.9.

This case is analogous to *Falkirk*. Spire did not manufacture the heart valve or the Silzone coating, but simply used its process to apply St. Jude's coating to St. Jude's valve. Thus, Spire is best seen as a component manufacturer. Plaintiff has presented no evidence that any representative of Spire ever visited Nebraska, or had anything to do with that state. Moreover, unlike cases in which the Eighth Circuit has used the stream of commerce doctrine to find purposeful availment, there is no evidence that Spire controlled or was familiar with St. Jude's distribution system. *See, e.g., Clune*, 233 F.3d

at 544-45 & n.9; *Vandelune*, 148 F.3d at 948; *Barone*, 25 F.3d at 615. *Cf. Guinness Import Co.*, 153 F.3d at 615 & n.7.

Plaintiff mentions that St. Jude markets its products worldwide, and that St. Jude has a "distributor" in Omaha. However, plaintiff must do more to demonstrate that Spire purposefully availed itself of the protections of Nebraska law. Plaintiff has not shown that Spire's contacts with Nebraska are anything more than "random, fortuitous, [and] attenuated." *See Guinness Import Co.*, 153 F.3d at 614. Therefore, the Court finds that plaintiff has not met her burden of showing personal jurisdiction, and the Court will grant Spire's motion to dismiss.[2]

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Spire's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) [Docket No. 16] is hereby **GRANTED**.

2. Defendant Spire's Motion to Remand to the United States District Court for the District of Nebraska [Docket No. 23] is **DENIED AS MOOT**.

DATED: July 2, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[2] Spire has also filed a Motion to Remand to the District of Nebraska. Because the Court is dismissing the complaint against Spire, this motion is now moot.